

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

No. **CV 2008 10171**

ENDORSED
FILED IN MY OFFICE THIS
SEP 2 5 2008

Juanita M. Duran
CLERK DISTRICT COURT

KAREN BATES,

    Plaintiff,

v.

NEW MEXICO CORRECTIONS DEPARTMENT,
ED GONZALES, in his individual and official capacity
as the NMCD Range Master and the Interstate Compact
Manager, MICHAEL BOUSKA, in his individual and
official capacity as the NMCD Assistant Range Master
and the Security Threat and Intelligence Unit Manager,
and CHARLENE KNIPFING, in her individual and
official capacity as the Probation and Parole Division
Director,

    Defendants.

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

COMES NOW, the Plaintiff, Karen Bates (hereinafter "Plaintiff"), by and through her attorneys, Guebert, Bruckner & Bootes, P.C., and brings this claim against Defendants for unlawful discrimination based on Plaintiff's gender and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., as amended ("ADEA"), and the New Mexico Human Rights Act, NMSA 1978, §§ 28-1-1 through 28-1-15, as amended ("NMHRA"), and in support of her cause of action states as follows:

### Jurisdiction and Venue

1.    Plaintiff is a resident of Bernalillo County, New Mexico, and an employee of the New Mexico Corrections Department ("NMCD").



2.      Defendant, New Mexico Corrections Department, is a governmental entity organized and operating subject to the laws of the State of New Mexico and the Federal Government.

3.      Upon information and belief, Defendant Ed Gonzales, was the NMCD Range Master and the Interstate Compact Manager, at all times relevant to this Compliant.

4.      Upon information and belief, Defendant, Michael Bouska, was the NMCD Assistant Range Master and the Security Threat and Intelligence Unit ("STIU") Manager, at all times relevant to this Complaint.

5.      Upon information and belief, Defendant, Charlene Knipfing, was the Probation and Parole Division ("PPD") Director, at all times relevant to this Complaint.

6.      The incidents which are the subject of this claim occurred in Bernalillo County, New Mexico.

7.      This action is being brought pursuant to Title VII, the ADEA, and the NMHRA, and the Plaintiff has exhausted her administrative remedies including available grievance procedures as required under NMSA 1978, § 28-1-10.

8.      This Court has jurisdiction pursuant to NMSA 1978, § 28-1-13, as amended, and pursuant to 28 U.S.C. § 1331.

9.      The venue in this Court is proper.

**Factual Allegations**

10.     Plaintiff incorporates each and every allegation of Paragraphs 1 through 9 as is fully set out herein.

11.     Plaintiff has been employed by the NMCD as a Probation and Parole Officer I ("PPO") since February of 2003.

2

12. PPO's have the option to become firearms certified by attending a firearms certification course, which includes training and testing.

13. As a result, in April 2006, Plaintiff attended a 40-hour firearms training course to become certified to carry a firearm.

14. During the firearms training course, Defendants Ed Gonzales and Michael Bouska, ignored Plaintiff's complaints that the equipment she had been issued was inadequate and/or incorrect, and that the deficiencies would negatively impact her ability to perform as required during the training course.

15. Since Plaintiff was ignored by Defendants, Plaintiff replaced some of the inadequate and/or incorrect equipment at her own expense but nevertheless failed to pass the course.

16. In May 2006, Defendant Charlene Knipfing selected certain individuals to retest and either repeat the course or retest yet again in July 2006.

17. All of the selected individuals selected to repeat the course or retest were male; Plaintiff, a female, was not selected.

18. Seeking a promotion, on or about April 23, 2007, NMCD Human Resources Supervisor Roberta A. Lujan informed Plaintiff that an otherwise qualified applicant for a Probation and Parole Fugitive Apprehension Officer II ("FAO") must obtain firearm certification within twelve months of appointment to an FAO position.

19. On or about April 25, 2007, Plaintiff responded to a vacancy for an FAO position in the NMCD Security Threat and Intelligence Unit ("STIU") that had been posted on April 23, 2007.

20. In order to comply with the firearm certification requirement, in June 2007, numerous applicants who had failed the 2006 course repeated the 40-hour training course, including Plaintiff.

21. Defendant Michael Bouska was only intermittently present for the training and qualification rounds during the June 2007 course.

22. Defendant Ed Gonzales was openly hostile and verbally abusive to Plaintiff, and told her repeatedly that she was going to fail the June 2007 course.

23. At the completion of the June 2007 course, all attendees had failed some portion of the course.

24. The attendees were given the option to participate in remedial training—a condensed version of the 40-hour course, but it was delayed until four months later, to October 2007, despite assurances that it would be provided within a few weeks.

25. At the October 2007 remedial training, Defendant Michael Bouska first informed Plaintiff that she and other attendees would only have to qualify on those portions they had previously failed.

26. Defendant Ed Gonzales later reversed this decision and announced that attendees would have to pass all portions.

27. During the October 2007 remedial training, Defendant Ed Gonzales refused to respond substantively to Plaintiff's requests for instruction to correct her technique.

28. During qualification shooting, Defendant Michael Bouska, on at least one occasion, failed to score hits on Plaintiff's targets, despite Plaintiff having pointed out Bouska's failure to do so.

29. Defendants' failure to properly instruct and train Plaintiff resulted in a failing score.

30. On or about December 21, 2007, pursuant to the subsequent Step II Grievance, filed on behalf of Plaintiff by AFSCME State of New Mexico Employees Local 1211 Representative, Rocky E. Gutierrez, an agreement was reached.

4

31. The agreement provided, among other things, that Plaintiff would receive 24 hours of range training before being required to pass standardized Law Enforcement Agency (LEA) day and night qualification rounds, pursuant to Section 10.29.9.14 NMAC (5/31/1997).

32. During the night qualification rounds, which occurred on or about January 28, 2008, Defendants failed to provide adequate lighting for the night qualification round as is required under Section 10.29.9.14 NMAC, which ultimately resulted in loss of points for the Plaintiff.

## Count I: Gender Discrimination Based on Title VII of the Civil Rights Act of 1964

33. Plaintiff incorporates each and every allegation of Paragraphs 1 through 32 as is fully set out herein.

34. Defendants have intentionally discriminated against Plaintiff by, among other things:

   a. Denying and depriving her promotional opportunities because of her gender;

   b. Providing her with less favorable training conditions because of her gender; and

   c. Maintaining a work environment that was hostile to Plaintiff because of her gender, which environment was severe or pervasive enough to alter her terms and conditions of employment.

35. Such conduct by Defendants constitutes unlawful discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000(e) et seq.

5

36. Such conduct by Defendants constitutes a malicious, willful, and reckless violation of Plaintiffs rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq.

### Count II: Violation of the Age Discrimination in Employment Act of 1967

37. Plaintiff incorporates each and every allegation of Paragraphs 1 through 36 as is fully set out herein.

38. Defendants have intentionally discriminated against Plaintiff by, among other things:

   a. Denying and depriving her promotional opportunities because of her age;

   b. Providing her with less favorable training conditions because of her age; and

   c. Maintaining a work environment that was hostile to Plaintiff because of her age, which environment was severe or pervasive enough to alter her terms and conditions of employment.

39. Such conduct by Defendants constitutes unlawful discrimination and harassment in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., as amended.

40. Such conduct by Defendants constitutes a malicious, willful, and reckless violation of Plaintiffs rights under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., as amended.

### Count III: Violation of the New Mexico Human Rights Act

41. Plaintiff incorporates each and every allegation of Paragraphs 1 through 40 as is fully set out herein.

6

42. The State of New Mexico has declared certain discriminatory actions to be unlawful by virtue of establishing the New Mexico Human Rights Act.

43. The New Mexico Human Rights Act is codified at NMSA 1978, §§ 28-1-1 through 28-1-15.

44. Defendants have intentionally discriminated against Plaintiff by, among other things:

   a. Denying and depriving her promotional opportunities because of her gender and age;

   d. Providing her with less favorable training conditions because of her gender and age; and

   b. Maintaining a work environment that was hostile to Plaintiff because of her gender and age, which environment was severe or pervasive enough to alter her terms and conditions of employment.

45. Defendants' intentional conduct toward Plaintiff is a direct violation of the New Mexico Human Rights Act.

### Prayer for Relief

WHEREFORE, the Plaintiff, Karen Bates, prays for judgment against Defendants for the following:

1. For a declaration that the actions of Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. as alleged herein;

2. For a declaration that the actions of Defendants violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., as amended, as alleged herein;

3. Award Plaintiff actual, compensatory, exemplary and punitive damages, in an amount to be determined at trial, against Defendant;

7

4.  Award Plaintiff reasonable costs and attorney's fees;

5.  Award Plaintiff pre-judgment and post-judgment interest as allowed by law; and

6.  Award such other relief as the Court may deem appropriate, including injunctive and declaratory relief as may be required in the interests of justice.

GUEBERT, BRUCKNER & BOOTES, P.C.

By _____
R. Galen Reimer
P.O. Box 93880
Albuquerque, NM 87199-3880
(505) 823-2300
Attorneys for Plaintiff

F:\Clients\5586.001\Pleadings\Complaint.doc/dt

8