IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KAREN BATES

      Plaintiff,

v.                                                                          No: 08-CV-01013 WDS/RLP

NEW MEXICO CORRECTIONS DEPARTMENT,
ED GONZALES, in his individual and official capacity
as the NMCD Range master and the Interstate Compact
Manger, MICHAEL BOUSKA, in his individual and
Official capacity as the NMCD Assistant Range Master
and the Security Threat and Intelligence Unit Manager,
and CHARLENE KNIPFING, in her individual and
official capacity as the Probation and Parole Division
Director,

      Defendants.

## DEFENDANTS' ANSWER
## TO COMPLAINT FOR EMPLOYMENT DISCRIMINATION

    COME NOW Defendants, New Mexico Corrections Department ("NMCD"), Ed Gonzales ("Gonzales"), Michael Bouska ("Bouska") and Charlene Knipfing ("Knipfing"), (collectively "Defendants"), by and through counsel, White, Koch, Kelly & McCarthy, P.A., and Answer the Complaint for Employment Discrimination ("Complaint") as follows:

    1.    Defendants admit the allegations contained in paragraph 1 (Jurisdiction and Venue) of the Complaint.

    2.    In response to paragraph 2 of the Complaint, Defendants admit that NMCD is a governmental entity which is organized and operates subject to state and federal law. Defendants deny the remaining allegations contained in paragraph 2 of the Complaint.

    3.    Defendants admit the allegations contained in paragraph 3 of the Complaint.

    4.    Defendants admit the allegations contained in paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 6 of the Complaint and, therefore, deny them.

7. In response to paragraph 7 of the Complaint, Defendants acknowledge the references to the laws, and state that to the extent paragraph 7 contains legal conclusions it does not require an answer; however, to the extent an answer is required, Defendants deny these allegations. Defendants deny the remaining allegations contained in paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint states legal conclusions and, as such, does not require an answer; however, to the extent an answer is required, Defendants deny the allegations contained in paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint states legal conclusions and, as such, does not require an answer; however, to the extent an answer is required, Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint (Factual Allegations) incorporates the allegations of paragraphs 1 through 9 and, therefore, Defendants reallege their answers to paragraphs 1 through 9.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint.

12. In response to paragraph 12 of the Complaint, Defendants admit that PPOs were not required to be firearm certified, but could chose to go through the process to become firearm certified. Defendants deny the remaining allegations contained in paragraph 12 of the Complaint.

13.     In response to paragraph 13 of the Complaint, Defendants admit Plaintiff attend a 40 hour firearms training course in April 2006.  Defendants deny any remaining allegations contained in paragraph 13 of the Complaint.

14.     Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.     In response to paragraph 15 of the Complaint, Defendants admit that Plaintiff failed to pass the course.  Defendants deny the remaining allegations contained in paragraph 15 of the Complaint.

16.     In response to paragraph 16 of the Complaint, Defendants admit that Defendant Knipfing approved individuals to repeat the course and/or the test.  Defendants deny the remaining allegations contained in paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 18 of the Complaint and, therefore, deny them.

19.     Defendants admit the allegations contained in paragraph 19 of the Complaint.

20.     In response to paragraph 20 of the Complaint, Defendants admit that numerous applicants who had failed the 2006 course, including Plaintiff, repeated the 40 hour training course in June 2007. Defendants deny the remaining allegations contained in paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.     Defendants admit the allegations contained in paragraph 23 of the Complaint.

24.     In response to paragraph 24 of the Complaint, Defendants admit that attendees were allowed to participate in remedial training and also that the training was delayed until

October 2007. Defendants deny the remaining allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. In response to paragraph 30 of the Complaint, Defendants admit the "Response to Grievance-Step II-NMCD-100" dated December 21, 2007, sets forth a list of items agreed to as a result of negotiations. Defendants state that this document speaks for itself and Defendants deny any allegations contained in paragraph 30 which are inconsistent with the document.

31. In response to paragraph 31 of the Complaint, Defendants admit that the December 21, 2007 Response agrees that the officers who attended the October 2007 firearm class, including Plaintiff, will be afforded 24 hours of range training and will then be required to pass the LEA day and night back to back. Defendants deny the remaining allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint (Count I: Gender Discrimination Based on Title VII) incorporates the allegations of paragraphs 1 through 32 and, therefore, Defendants reallege their answers to paragraphs 1 through 32.

34. Defendants deny the allegations contained in paragraph 34 and subparts a, b and c, of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint (Count II: Violation of the ADEA) incorporates the allegations of paragraphs 1 through 36 and, therefore, Defendants reallege their answers to paragraphs 1 through 36.

38. Defendants deny the allegations contained in paragraph 38 and subparts a, b and c, of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint (Count III: Violation of the NMHRA) incorporates the allegations of paragraphs 1 through 40 and, therefore, Defendants reallege their answers to paragraphs 1 through 40.

42. In response to paragraph 42 of the Complaint, Defendants state that the NMHRA speaks for itself. Further, that to the extent paragraph 42 states a legal conclusion, it does not require an answer; however, to the extent an answer is required, Defendants deny the allegations contained in paragraph 42.

43. Defendants admit the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 and subparts a, d (sic), and b (sic) of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are premature as there are pending administrative proceedings.

### FOURTH AFFIRMATIVE DEFENSE

Defendants had legitimate, non-discriminatory reasons for all of their employment related decisions.

### FIFTH AFFIRMATIVE DEFENSE

At all material times, the individual Defendants engaged in their official acts reasonably and in good faith.

### SIXTH AFFIRMATIVE DEFENSE

No adverse employment actions were taken against Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff was treated and affected in the same manner as others who were similarly situated and others who were not members of Plaintiff's protected classes.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

### NINTH AFFIRMATIVE DEFENSE

The individual Defendants cannot be held liable under Title VII.

### TENTH AFFIRMATIVE DEFENSE

Punitive damages are not recoverable under Title VII against State defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's state claims are subject to the terms of the New Mexico Tort Claims Act.

        Respectfully submitted:

        WHITE, KOCH, KELLY & McCARTHY, P.A.

        By:   *Electronically Filed November 5, 2008*
                M. KAREN KILGORE
                Attorneys for Defendants
                Post Office Box 787
                Santa Fe, New Mexico 87504-0787
                (505) 982-4374

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of foregoing "Answer to Complaint for Employment Discrimination" was served via email to the following on this 5th day of November 2008:

R. Galen Reimer, Esq.
Christopher J. Supik, Esq.
Guebert, Bruckner & Bootes, P.C.
Post Office Box 93880
Albuquerque, New Mexico 87199-3880

                *Electronically Filed November 5, 2008*
                M. KAREN KILGORE