## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KAREN BATES,

       Plaintiff,

vs.                                       No. CIV 08-1013 JB/RLP

NEW MEXICO CORRECTIONS DEPARTMENT,
ED GONZALES, in his individual and official capacity
as the NMCD Range Master and the Interstate Compact
Manager, MICHAEL BOUSKA, in his individual and
official capacity as the NMCD Assistant Range Master
and the Security Threat and Intelligence Unit Manager,
and CHARLENE KNIPFING, in her individual and
official capacity as the Probation and Parole Division
Director,

       Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Karen Bates' Motion for Leave to File

Jury Demand, filed April 8, 2009 (Doc. 31)("Motion").  The Court held a hearing on September 9,

2009.  The primary issue is whether the Court should allow Plaintiff Karen Bates to file a jury

demand out of time when she failed to timely file a demand because of inadvertence.  Because the

Court, after careful review of the record, does not see a strong and compelling reason to not grant

a jury trial to the Plaintiff, the Court will exercise its discretion to grant the Motion for Leave to File

a Jury Demand.

### FACTUAL BACKGROUND

       Bates is an employee of the New Mexico Corrections Department.  <u>See</u> Complaint for

Employment Discrimination ¶ 1, at 1, filed October 29, 2008 (Doc. 1-2) ("Complaint").  Bates

alleges, among other things, that the Defendants discriminated against her by denying her

promotional opportunities, providing her with less than favorable training conditions, and maintaining a hostile work environment because of age and gender.  See Complaint ¶¶ 33-45, at 5-7. Because the facts forming the basis of her claims are not relevant to the issue raised by her motion, the Court will not recite the underlying facts in this Memorandum Opinion and Order.

## PROCEDURAL BACKGROUND

Bates filed her Complaint in state court on September 25, 2008.  See Complaint at 1.  Her Complaint did not contain a jury demand.  See id.  The Defendants filed their Notice of Removal on October 29, 2008, see Notice of Removal, filed October 29, 2008 (Doc. 1), and their Answer on November 5, 2008, see Defendants' Answer to Complaint for Employment Discrimination, filed November 5, 2008 (Doc. 4).

Bates filed her initial Jury Demand on March 6, 2009.  See Jury Demand, filed March 6, 2009 (Doc. 15).  She filed an Amended Complaint on March 25, 2009.  See First Amended Complaint for Employment Discrimination at 14, filed March 25, 2009 (Doc. 24)("Amended Complaint").  Her Amended Complaint also demands a jury.  See Amended Complaint at 14.

At the Initial Scheduling Conference on March 9, 2009, the Defendants indicated that Bates' Jury Demand was untimely and that Bates filed her Jury Demand without obtaining leave of the Court.  See Clerk's Minutes at 1, filed March 9, 2009 (Doc. 21)("Minutes").  The Defendants also indicated that they understood that Bates would withdraw the Jury Demand and file a motion for leave to file a jury demand.  See Minutes at 1.  On March 27, 2009, Bates withdrew her Jury Demand filed on March 6, 2009 and her Jury Demand in her Amended Complaint.  See Notice of Withdrawal of Initial Jury Demand (Doc. 15) and Jury Demand Contained in Plaintiff Karen Bates' Amended Complaint (Doc. 24) at 1, filed March 27, 2009 (Doc. 27).

Bates filed this Motion for Leave to File Jury Demand on April 8, 2009.  The parties

-2-

completed briefing the Motion on April 30, 2009.  <u>See</u> Notice of Completion of Briefing at 1, filed

May 1, 2009 (Doc. 35).  The Court held a hearing on the Motion on September 9, 2009.  <u>See</u>

Hearing Transcript (taken September 9, 2009)("Tr.").[1]

At the hearing the Court asked Bates' counsel to identify Bates' strongest grounds to allow

leave to file an untimely jury demand.  <u>See</u> Tr. at 12:24-13:1 (Court).  Bates' counsel responded:

"[J]ury trials are you know preferred and favorable and I don't think there would be any prejudice

to the defendant.  I think those are my strongest points, Your Honor."  Tr. at 13:2-4 (Reimer).  The

Court sought clarification and asked: "Just no prejudice to the other side?"  Tr. at 13:5 (Court).

Bates' counsel responded by nodding his head.  <u>See</u> Tr. at 13:6 (Reimer).

The Court then allowed the Defendants to respond.  <u>See</u> Tr. at 13:7-8 (Court).  The

Defendants noted that Bates did not timely file her jury demand and stated:

> [W]e would just stand on that rule requiring the jury demand early on and in order
> for it to be meaningful at all, we believe that, and the case law supports that, we are
> entitled to proceed with a nonjury trial.  The motion doesn't really set forth a
> justification for being allowed a jury trial at this point, and that, too, can be fatal to
> the motion for belated motion for jury trial and so we oppose that and ask that the
> plaintiff's motion for a jury trial be denied also.

Tr. at 13:9-25 (Kilgore). Defendants did not contend that they would be prejudiced if the Court

granted the motion.  <u>See</u> <u>id.</u> at 13:8-14:1 (Kilgore).

## LAW REGARDING JURY DEMANDS

A party may demand a jury trial by:

(1) serving the other parties with a written demand -- which may be included in a
pleading -- no later than 10 days after the last pleading directed to the issue is served;

and

---

[1]The Court's citations to the transcript refer to the court reporter's original, unedited version.
Any final transcript may contain slightly different page and/or line numbers.

(2) filing the demand in accordance with Rule 5(d).

Fed. R. Civ. P. 38.  "[Rule] . . . 38(b) require[s] jury demands to be served within ten days after service of the 'last pleading directed to such issue.'"   In re Kaiser Steel Corp., 911 F.2d 380, 388 (10th Cir. 1990)(citing Fed. R. Civ. P. 38(b)).  "The 'last pleading directed to such issue' will generally be an answer or a reply, if appropriate, and is determined on a claim by claim basis."  In re Kaiser Steel Corp., 911 F.2d at 388 (quoting E.R. Christenson v. Diversified Builders, Inc., 331 F.2d 992, 994-95 (10th Cir. 1964)).  "Amended and supplemental pleadings do not 'revive a right, previously waived, to demand jury trial on the issues already framed by the original pleadings.'"  In re Kaiser Steel Corp., 911 F.2d at 388 (quoting 9 C. Wright & A. Miller, Federal Practice and Procedure § 2320, at 91-93, 94-96 (1971)).

The trial judge has broad discretion to determine whether a demand for a jury trial was timely made.  See Land v. Roper Corp., 531 F.2d 445, 450 (10th Cir. 1976)(citing Fed. R. Civ. P. 39(b)).  In the absence of abuse of this discretion, a judge's ruling in these circumstances is not to be disturbed.  See Land v. Roper Corp., 531 F.2d at 450.

The Court may, upon a party's motion, order a jury trial where a party failed to make a timely jury demand.  See Fed. R. Civ. P. 39(b).  Rule 39 provides: "**(b)  When No Demand Is Made.**  Issues on which a jury trial is not properly demanded are to be tried by the court.  But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."  Fed. R. Civ. P. 39(b) (emphasis in original).  The trial court has broad discretion in deciding whether to grant an untimely motion for a jury trial.  See United States Fid. & Guar. Co. v. Lembke, 328 F.2d 569, 573 (10th Cir. 1964).  While "it would not be an abuse of discretion to deny relief pursuant to Rule 39(b) when the failure to make a timely jury demand results from nothing more than the mere inadvertence of the moving party,"  Nissan Motor Corp. in U.S.A. v. Burciaga, 982 F.2d 408, 409

-4-

(10th Cir.1992) (per curiam), "[t]he constitutional right to a jury trial under the Seventh Amendment is a fundamental right and 'the federal policy favoring jury trials is of historic and continuing strength.'" <u>AMF Tuboscope, Inc. v. Cunningham</u>, 352 F.2d 150, 155 (10th Cir. 1965)(quoting <u>Simler v. Conner</u>, 372 U.S. 221, 222 (1963)).  Consequently, "absent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial." <u>Nissan Motor Corp. in U.S.A. v. Burciaga</u>, 982 F.2d at 409.  See <u>AMF Tuboscope, Inc. v. Cunningham</u>, 352 F.2d at 155.

## <u>ANALYSIS</u>

The Defendants raise several arguments in opposition to granting leave to file a jury demand. The Court, however, finds that the Defendants arguments do not state strong and compelling reasons for the Court to deny Bates's request for a jury trial.

The Defendants argue that:  (i) Bates waived her right to a jury trial by failing to file a timely jury demand in accordance with rule 38; (ii) Bates failed to provide any justification for her failure to file a timely jury demand; (iii) the Defendants have neither assumed nor agreed to a jury trial; (iv) the Court should not permit Bates to avoid the deadline rule 38 sets because of inadvertence; and (v) the case has already been docketed for a bench trial.  <u>See</u> Defendant's Response in Opposition to Plaintiff's Motion for Leave to File Jury Demand at 2-6, filed April 22, 2009 (Doc. 33)("Response").  Bates admits that her jury demand was untimely because of  her counsel's inadvertence. <u>See</u> Plaintiff Karen Bates' Reply in Support of Motion for Leave to File Jury Demand at 2, filed April 30, 2009 (Doc. 34).  Bates put the Defendants on notice that she was seeking a jury trial, however,  when she filed her Jury Demand on March 6, 2009, <u>see</u> Doc. 15, and again on April 8, 2009, when she filed her Motion for Leave to File Jury Demand, <u>see</u> Doc. 31.  Although rule 38 sets a ten-day deadline for making a jury demand, rule 39 gives the Court discretion to grant a jury

trial when a party fails to make a timely jury demand.  Consequently, Defendants could not rely on having a bench trial, given that Bates has indicated for at least eight months that she wants a jury.

The Defendants' remaining argument, that the Court should not grant a jury trial because this case has been set for a bench trial on a trailing calendar on December 14, 2009, is now moot.  See Response at 2, 4.  After filing their Response, the Defendants joined with Bates in a motion to extend the discovery deadline.  See Joint Motion to Extend Discovery Deadline, filed September 3, 2009 (Doc. 44).  The Court extended the discovery deadline from September 4, 2009 to sixty days after the Court enters a ruling on her Motion for Leave to File First Amended Complaint.  See Order Granting Joint Motion to Extend Discovery Deadline, filed September 17, 2009 (Doc. 45).  The Court has not yet entered a ruling on Bates' Motion for Leave to File First Amended Complaint. The Court will reset the trial for a later date in accordance with the parties' request for an extension of the discovery deadline.

At the September 9, 2009, hearing on this Motion, Bates' counsel stated that the best justification for granting leave to file a jury demand is that there would be no prejudice to Defendants.  See Tr. at 12:24-13:6 (Reimer).  The Defendants rested on the arguments in their response and did not contend that they would be prejudiced if the Court granted the motion.  See id. at 13:8-14:1 (Kilgore).

The Court finds that Bates did not timely file her jury demand.  Rule 39, however, allows the Court to grant an untimely jury demand.  See Fed. R. Civ. P. 39(b).  The United States Court of Appeals for the Tenth Circuit instructs that the Court should exercise its discretion under rule 39(b) and grant a jury trial "absent strong and compelling reasons to the contrary."  Nissan Motor Corp. in U.S.A. v. Burciaga, 982 F.2d at 409.  The Court finds that granting a jury trial will not prejudice the Defendants, and will not disrupt or delay the proceedings in this case.  The Court does not find

-6-

any strong or compelling reason not to grant Bates's request for a jury trial.

**IT IS ORDERED** that Plaintiff Karen Bates' Motion for Leave to File Amended Complaint

is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Christopher J. Supik
R. Galen Reimer
Guebert Bruckner & Bootes, PC
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

M. Karen Kilgore
Cuddy & McCarthy, LLP
Santa Fe, New Mexico

    *Attorney for the Defendants*