**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

KAREN BATES,

      Plaintiff,

vs.                                                                                                          No. CIV 08-1013 JB/RLP

NEW MEXICO CORRECTIONS DEPARTMENT,
ED GONZALES, in his individual and official capacity
as the NMCD Range Master and the Interstate Compact
Manager, MICHAEL BOUSKA, in his individual and
official capacity as the NMCD Assistant Range Master
and the Security Threat and Intelligence Unit Manager,
and CHARLENE KNIPFING, in her individual and
official capacity as the Probation and Parole Division
Director,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff Karen Bates' Motion for Leave to File Amended Complaint, filed March 26, 2009 (Doc. 25)("Motion"). The Court held hearings on April 9, 2009 and September 9, 2009. The primary issue is whether the Court should allow Plaintiff Karen Bates to amend her Complaint to add new defendants and new claims when she knew the facts underlying her new claims at the time she filed her original Complaint. The Court, after careful review of the record and the relevant law, will grant the Motion for Leave to file an Amended Complaint.

**FACTUAL BACKGROUND**

To become firearms certified, Probation and Parole Officers, such as Bates, must attend a forty-hour defensive training course and a forty-hour firearms course. See Motion ¶ 6, at 2. During the defensive-tactics course, between March 27, 2006 through March 31, 2006, Dan Barela and Joe

Barela were Bates' instructors. See id. ¶ 8, at 2. Bates was the only female enrolled in the March 27, 2006 through March 31, 2006 defensive-tactics course. See id. ¶ 9, at 2.

Bates alleges that, throughout the defensive-tactics course, D. Barela and J. Barela, the instructors/supervisors in this class, sexually harassed, humiliated, treated with disdain based on gender, beat, disgraced, and ridiculed her. See Motion ¶ 10, at 2. In one of the exercises during the defensive-tactics course, two other trainees beat Bates with rubberized/foam padded batons. During the skirmish, someone pulled Bates' sweat pants down in front of the remaining trainees and instructors, exposing her underwear. See id. ¶ 11, at 2.

Bates contends that, to her terror, J. Barela and D. Barela continued to yell at her and to demand the male trainees continue to hit and wrestle her, even after someone pulled her sweat pants down to mid-thigh, leaving only her underwear covering her. See id. This event allegedly lasted approximately two to three minutes. See id. Bates heard snickering by onlookers during this event, and at no time did anyone ask her if she was alright or if she required medical attention or treatment. See id. ¶ 11, at 3.

Bates also alleges that, on another occasion during the defensive-tactics course, when practicing take downs, D. Barela and J. Barela paired Bates up with a male exceeding her weight by approximately one-hundred pounds. See Motion ¶ 11, at 3. Again, the instructors yelled at Bates and demanded the male trainee to throw Bates down as hard as he could, knocking the wind out of Bates. See id.

Bates further alleges that, during the same defensive-tactics course, J. Barela and D. Barela paired Bates with the same male trainee who outweighed her by approximately one-hundred pounds, with an intent to humiliate her and injure her emotionally and physically. See Motion ¶ 13, at 3. During this training, Bates was to lie on her back with her legs spread, and the male trainee was on

top of her, pinning her down by her arms, chest to chest.  See id.  Bates was instructed to struggle and break away from the male trainee, but could not.  See id.  J. Barela and D. Barela yelled at the male trainee to continue his hold on Bates and to keep her pinned to the ground.  See id.

Bates alleges that, during the entire period of the defensive-tactics course, she was put down, harassed, beaten, injured, and humiliated, all because of her gender.  See Motion ¶ 14, at 3.  Bates suffered bruises, contusions, and a stomach hernia that affected her sleeping ability, emotional stability, and confidence to succeed in firearm certification.  See id.

## PROCEDURAL BACKGROUND

Bates filed her Complaint on September 25, 2008.  See Complaint for Employment Discrimination (Doc. 1-2)("Complaint").  In her original Complaint, Bates alleged civil-rights violations occurred only during the forty-hour firearms course.  See Complaint ¶¶ 10-32, at 2-5. Bates did not attach a copy of her Equal Employment Opportunity Commission ("EEOC") charge to her Complaint.

As set forth in the Joint Status Report and Provisional Discovery Plan, the deadline for Bates to file an Amended Complaint was March 27, 2009.  See Joint Status Report and Provisional Discovery Plan at 2, filed March 6, 2009 (Doc. 16).  The Court adopted the Joint Status Report and Provisional Discovery Plan.  See Order Adopting Joint Status Report and Provisional Discovery Plan, filed March 19, 2009 (Doc. 20).

Bates' represents that, on March 24, 2009, she revealed new facts to her counsel concerning D. Barela and J. Barela.  See Motion ¶ 4, at 2.  Bates states that she had not previously informed her counsel about these incidents during the defensive-tactics course, because she was ashamed of what had happened and did not want to relive the embarrassment she had suffered at the hands of J. Barela and D. Barela.  See id. ¶ 15, at 3.  As a result of these recent disclosures, Bates wishes to

amend her Complaint to include claims for sexual harassment and sex discrimination. See id. ¶ 16, at 3.

Bates filed her Amended Complaint on March 25, 2009, without first seeking approval from the Defendants' counsel or filing a motion for leave to file an amended complaint. See Motion ¶ 5, at 2. To cure this deficiency, Bates is now bringing this motion. See id. Bates did not attach a copy of her EEOC charge to her Amended Complaint or to her Motion for Leave to File Amended Complaint.

Bates submits this Motion for leave to file an amended complaint. See Motion at 1. Bates seeks to amend her Complaint to allege claims against "Dan Barela, in his individual and official capacity as a Probation and Parole Division Defensive Tactics Course Instructor, and Joe Barela, in his individual and official capacity as a Probation and Parole Defensive Tactics Instructor, Supervisor and/or employee." Id. ¶ 2, at 1.

On April 7, 2009, the Court set the hearing on Bate's Motion for Leave to File Amended Complaint for 1:30 p.m. on April 9, 2009. See Notice, filed April 7, 2009 (Doc. 29). The next day, on April 8, 2009, the Court indicated the hearing would start at 4:30 p.m. on April 9, 2009. See Minute Order, filed April 8, 2009 (Doc. 30).

The Court held a hearing on the motion on April 9, 2009, before the deadline for the Defendants' response. See Hearing Transcript at 2:14-18 (taken April 9, 2009) ("April 9 Tr.") (Court).[1] The Defendants waived their right to file a response to argue the motion at the hearing. See April 9 Tr. at 2:20-23 (Kilgore). After hearing argument on the motion, the Court noted that

---

[1] The Court's citations to the transcript of the April 9, 2009, hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

the parties raised very difficult issues and again gave the Defendants the option to file a response. See April 9 Tr. at 12:1-18, 13:1-13 (Court). The Defendants stated they would take this offer to file a response. See id. at 13:14-15 (Kilgore). The Defendants filed their Response in Opposition to Plaintiff's Motion for Leave to file Amended Complaint on April 21, 2009. See Doc. 32 ("Response"). Bates filed her Reply in Support of Motion for Leave to File Amended Complaint on May 4, 2009. See Doc. 36 ("Reply").

On September 2, 2009, the Court filed a notice setting this matter for a second hearing on September 9, 2009. See Notice, filed September 2, 2009 (Doc. 43). The Court held a second hearing on the motion on September 9, 2009. See Hearing Transcript (taken September 9, 2009)("September 9 Tr.").[2]

At the September 9, 2009 hearing, the Defendants' primary argument against granting leave to file an amended complaint was the futility of the Amended Complaint because of Bates' failure to exhaust administrative remedies on the claims arising from the defensive-tactics course. See September 9 Tr. at 5:16-19 (Kilgore). The Defendants contend that the original Complaint makes claims of gender and age discrimination in the firearms course, and that Bates has not exhausted her administrative remedies on the sexual harassment and discrimination claims which she seeks to add in her Amended Complaint based on how the instructors in the defensive-tactics course allegedly treated her. See September 9 Tr. at 6:23-25, 7:18-25 (Kilgore).

Bates admitted that she did not attempt to separately exhaust her administrative remedies with respect to the new sexual harassment and discrimination claims, but contends that her EEOC

---

[2]The Court's citations to the transcript of the September 9, 2009, hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

complaint included her claims arising from both the firearms course and the defensive-tactics course. See September 9 Tr. at 3:10-23, 10:6-14 (Reimer). Bates explained that "she was mistreated because she was a woman and that's the fact and in both these situations and that's why I think once she file [sic] the EEOC complaining of gender discrimination even though she didn't bring out the exact story it's still all goes together." September 9 Tr. at 10:6-14 (Reimer). Bates did not tender a copy of her EEOC charge during the September 9, 2009 hearing.

After hearing the parties' arguments whether the EEOC complaint covered the claims related to both the firearms course and the defensive-tactics course, the Court noted that, if it is arguable whether the sexual-harassment claim requires separate exhaustion, then the Court may need to allow the Amended Complaint and allow briefing on a motion to dismiss the claim. See September 9 Tr. at 12:3-11 (Court). The Court concluded the hearing indicating that it would look at case law on how broadly or narrowly the Court should construe the EEOC complaint. See September 9 Tr. at 19:14-16 (Court).

## LAW REGARDING MOTIONS TO AMEND

Rule 15(a) of the Federal Rules of Civil Procedure provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a).

> Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for

>the delay. Furthermore, where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.

Frank v. U.S. West, Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993)(internal citations, quotation marks, and bracket omitted). See Duncan v. Manager, Dep't of Safety, City & County of Denver, 397 F.3d 1300, 1315 (10th Cir. 2005)(quoting Frank v. U.S. West, Inc. and stating that resolving the issue whether to allow a plaintiff to file a supplement to his complaint is "well within the discretion of the district court"). "The . . . Tenth Circuit has emphasized that '[t]he purpose of [rule 15(a)] is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" B.T. ex rel. G.T. v. Santa Fe Pub. Schools, No. CIV 05-1165 JB/RLP, 2007 WL 1306814 at * 2 (D.N.M. 2007)(Browning, J.)(quoting Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006)). "Specifically, the . . . Tenth Circuit has determined that district courts should grant leave to amend when doing so would yield a meritorious claim." Burleson v. ENMR-Plateau Tel. Co-op., No. CIV 05-0073 JB/KBM, 2005 WL 3664299 at *2 (D.N.M. 2005)(Browning, J.)(citing Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001)). Although rule 15(a) provides that leave to amend shall be given freely, "the district court may deny leave to amend where amendment would be futile." Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." Id.

**LAW REGARDING TITLE VII EXHAUSTION OF ADMINISTRATIVE REMEDIES**

"A plaintiff must exhaust his administrative remedies before bring suit under Title VII." Aramburu v. Boeing Co., 112 F.3d 1398, 1409 (10th Cir. 1997). "The twofold purpose of the exhaustion requirement is to give notice of an alleged violation to the charged party and to give the administrative agency an opportunity to conciliate the claim in furtherance of Title VII's goal of

securing voluntary compliance." Woodman v. Runyon, 132 F.3d 1330, 1342 (10th Cir.1997). "Good faith effort by the employee to cooperate with the agency and the EEOC and to provide all relevant, available information is all that exhaustion requires." Khader v. Aspin, 1 F.3d 968, 971 (10th Cir. 1993) (citation and quotations omitted). "Conversely, when a complainant refuses or fails to provide the agency information sufficient to evaluate the merits of the claim, he or she cannot be deemed to have exhausted administrative remedies." Khader v. Aspin, 1 F.3d at 971.

The Court must construe complaints to the EEOC liberally to "accomplish the purposes of the Act, since such complaints are written by laymen not versed either in the technicalities of pleading or the jurisdictional requirements of the Act." Romero v. Union Pac. R.R., 615 F.2d 1303, 1311(10th Cir. 1980). "When an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge." Martinez v. Potter, 347 F.3d 1208, 1210 (10th Cir. 2003). "[A] plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." MacKenzie v. City and County of Denver, 414 F.3d 1266, 1274 (10th Cir. 2005). The court, therefore, examines both a plaintiff's "original charge to the EEOC and her federal court complaint to determine whether the issues she raised to the district court were both new and unrelated to her EEOC charges, thus defeating the Court's jurisdiction over her action." Jones v. Runyon, 91 F.3d 1398, 1400 (10th Cir. 1996).

## ANALYSIS

The Defendants raise two arguments in opposition to granting leave to file an amended complaint: (i) futility of amendment; and (ii) undue delay. The Court cannot, based on the record before it, determine at this time whether the proposed amendment would be subject to dismissal.

The Court also finds that the policy of resolving claims on their merits rather than on procedural niceties weighs in favor of granting leave to file the Amended Complaint, rather than denying the motion for undue delay.

The Defendants argue that the proposed amendments to the Complaint would be futile, because Bates did not exhaust her administrative remedies with respect to the new claims of sexual harassment and discrimination in the defensive-tactics course. See Response at 5. Bates argues that her EEOC complaint for the claims of discrimination in the firearms course included her new claims of sexual harassment and discrimination in the defensive-tactics course. See September 9 Tr. at 10:6-14 (Reimer).

To determine whether the new claims of sexual harassment and discrimination in the defensive-tactics course are reasonably related to the EEOC complaint for the claims of discrimination in the firearms course, the Court must examine both Bates' original charge to the EEOC, giving it liberal construction, and her proposed amendments to her Complaint to determine whether the new claims would fall within the scope of the investigation which would reasonably be expected to follow from her original EEOC complaint. See MacKenzie v. City and County of Denver, 414 F.3d at 1274. Because Bates' original EEOC complaint is not in the record, the Court cannot properly determine whether the new claims of sexual harassment and discrimination in the defensive tactics course are reasonably related to the EEOC complaint for the claims of discrimination in the firearms course. The Court, consequently, cannot determine with reasonable certainty whether the proposed amendments would be futile.

The Defendants also argue that because Bates knew the alleged facts upon which her proposed amendments are based but failed to include them in her original Complaint, the Court should deny her leave to amend because Bates has no adequate explanation for the delay. See

Response at 7. Bates states that she delayed informing her counsel about the alleged incidents forming the basis of her proposed amendments "because she was ashamed of what had happened and did not want to relive the embarrassment she had suffered at the hands of Joe Barela and Dan Barela." Motion ¶ 15, at 3. The Court agrees that "untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993). The deadline for Bates to file an Amended Complaint, however, was March 27, 2009. See Joint Status Report and Provisional Discovery Plan at 2, filed March 6, 2009 (Doc. 16). Bates filed her Amended Complaint on March 25, 2009, see Doc. 24, and filed her Motion for Leave to File Amended Complaint on March 26, 2009, see Doc. 25, and, therefore, substantially complied with the Court's deadline for amending her Complaint. The Court finds that Bates' delay in amending her Complaint to include facts and claims about which she knew when she filed her original Complaint does not outweigh rule 15's purpose, "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006).

**IT IS ORDERED** that Plaintiff Karen Bates' Motion for Leave to File Amended Complaint is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Christopher J. Supik
R. Galen Reimer
Guebert Bruckner & Bootes, PC
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

M. Karen Kilgore
Cuddy & McCarthy, LLP
Santa Fe, New Mexico

  *Attorney for the Defendants*