IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


KAREN BATES,

        Plaintiff,

v.	CIV 08-1013 JB/KBM

NEW MEXICO CORRECTIONS DEPARTMENT,

        Defendant.


## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Plaintiff's Motion for Sanctions *(Doc. 94)*. Having considered the arguments, pleadings and relevant law, the Court finds the motion not well taken and recommends it be denied.

### **Background**

1. A settlement conference for this matter was set for December 15, 2010.  The parties were advised that an individual with full settlement authority must attend the conference. [Doc. 90].

2. Counsel for Defendants Karen Kilgore, attended with Eva Taylor, the Claims Adjustor for the State of New Mexico Risk Management Division, who had full settlement authority. Affidavit of Eva Taylor [Doc. 98-1], ¶ 4.  Also present was Vivian Smith, a representative of Defendant New Mexico Corrections Department. [Doc. 98], ¶ 3.

3. According to Defendants, Plaintiff presented a settlement offer different from the one they had previously discussed, and the new offer warranted a re-evaluation of the case from Risk

Management's point of view. Taylor Affidavit, ¶ 7. They so advised Judge Puglisi, and he adjourned the conference. Defendants then discussed the counter-offer and after re-evaluation decided not to accept the terms. Taylor Affidavit, ¶ 9. Defendants did not contact Plaintiff's counsel.

     4. According to Plaintiff, she understood that Defendants would contact her by December 23, 2010 with an acceptance or another counteroffer. She did not receive a call and so contacted Defendant's counsel who stated that Defendants declined to make a counteroffer. She brings this motion for sanctions, arguing that Defendants did not attempt to settle the case in good faith.

## Analysis

     5. The Court declines to recommend the imposition of sanctions in this case. Parties are not required to settle; they are only required to make a good faith effort to reach an agreement. *See Schwartzman v. ACF Industries*, 167 F.R.D. 694, 697 (D.N.M. 1996) (parties must "come to the bargaining table" in good faith). Given the facts of this case, the Court finds nothing that would warrant the imposition of sanctions. Defendant's representative had full authority to settle; the parties' estimations of their respective cases differed substantially; and, from Defendant's point of view, Plaintiff's new offer required a re-evaluation of the case. The fact that Defendant elected not to accept Plaintiff's offer is not evidence of bad faith and not a ground for the imposition of sanctions.

     Wherefore,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Sanctions [Doc. 94] be denied..

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE